## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEAN FAIRWEATHER,** | : | **CIVIL NO. 3:25-CV-1499** |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JILLIAN KOCHIS, ESQ., et al.,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Factual Background

This case comes before us for a legally mandated screening review of the *pro se* plaintiff's pleadings. The plaintiff, Sean Fairweather, is a state inmate. In his amended complaint, which is the operative pleading in this case, Fairweather names three county assistant Public Defenders as defendants and brings federal civil rights damages claims totaling $30,000,000 against these attorneys pursuant to 42 U.S.C. § 1983. According to Fairweather, these attorneys violated his rights under the Sixth and Eighth Amendments to the United States Constitution by their ineffective representation of him in criminal proceedings in the Court of Common Pleas of Lackawanna County. Liberally construed, this Pennsylvania state prisoner also appears to bring state law claims of professional negligence against his three Pennsylvania-based court appointed counsel. (Doc. 9).

1

Along with his complaint Fairweather sought, and obtained, leave to proceed *in forma pauperis*. However, Fairweather was placed on notice that, prior to service of his pleadings the court "will conduct a preliminary review of Fairweather's amended complaint." (Doc. 12).

This case has now been referred to the undersigned for the purpose of conducting this review. Upon review, for the reasons set forth below, we find that the amended complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and that Fairweather's state law claims also fail. Therefore, we recommend that the amended complaint be dismissed.

## II.  <u>Discussion</u>

### A.  <u>Screening of *Pro Se* Complaints–Standard of Review</u>

This Court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in Phillips [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>,

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v.</u>

<u>Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

<u>Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic</u>

<u>Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

3

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the Third Circuit has stated:

4

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Two years after Fowler, the Third Circuit further observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'"

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an

entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, for the reasons set forth below it is recommended that this complaint be dismissed.

## B.    This Amended Complaint Fails as a Matter of Law.

### 1.    Fairweather's Constitutional Claims Fail

In this case, the plaintiff is trying to pursue a federal civil rights claim against his former court appointed counsel pursuant to 42 U.S.C. § 1983. To the extent that

Fairweather is attempting to convert his displeasure with counsel's performance into a $30,000,000 § 1983 federal civil rights claim against these assistant public defenders the plaintiff fundamentally misconstrues the reach of the federal civil rights statute, 42 U.S.C. § 1983.

It is well established that § 1983 does not, by its own force, create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate and pre-existing legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a §1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg Univ., 893 F.Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim

brought under § 1983 that the plaintiff allege and prove that the defendants were acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs like Fairweather, who invite the courts to consider lawsuits against their court appointed criminal defense counsel. With respect to this state action requirement, it is well settled that the conduct of an attorney representing a client in a state case does not, by itself, rise to the level of state action entitling a plaintiff to bring a federal civil rights action against counsel. See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214 (5th Cir. 1993). As the Third Circuit has observed:

> Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court. See, e.g., Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.").

Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

Indeed, cases are legion rejecting § 1983 claims brought by former criminal defendants against their public defenders and other court appointed criminal defense counsel.[1] Accordingly, Fairweather's § 1983 claims fail since the plaintiff simply has not sufficiently alleged that his defense counsel were state actors within the meaning of the statute.

## 2. This Court Lacks Jurisdiction Over Fairweather's State Law Claims.

Liberally construed, Fairweather's *pro se* complaint may also be asserting various state law professional negligence claims against his court appointed counsel. However, to the extent that the plaintiff invites a federal court to adjudicate these state law claims, this complaint fails for a single, simple reason: we lack subject matter jurisdiction over these state law allegations.

It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[1] See e.g., Polk County v. Dodson, 454 U.S. at 318; Nelson v. Dauphin Cnty. Pub. Def., 381 F. App'x 127, 128 (3d Cir. 2010); Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008); Anderson v. Keim, 247 F. App'x 347, 348 (3d Cir. 2007).

interest and costs, and is between–(1) citizens of different States." 28 U.S.C. §

1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The

second principal ground for invoking the jurisdiction of a federal court is known as

federal question jurisdiction. Under this ground of jurisdiction, "district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." 28 U.S.C. §1331.

We have already determined that Fairweather's federal legal claims are fatally

flawed and should be dismissed. Therefore, all that remains are Fairweather's state

law claims. However, with respect to these state law claims, we can only exercise

federal jurisdiction over such claims in "civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added).

In the instant case, this Court's diversity jurisdiction simply does not provide

a basis for exercising jurisdiction over this particular controversy for at least two

reasons. First, the complaint indicates that the plaintiff and the defendant are all

citizens and residents of Pennsylvania. Therefore, the requisite diversity of

citizenship that is essential to federal court jurisdiction simply is not present. Given

that the amended complaint reveals on its face that this lawsuit is not between citizens

of different states the plaintiff may not invoke diversity jurisdiction in this matter. In

light of these basic jurisdictional flaws in this complaint, we conclude that state

claims set forth in this pleading simply do not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to show that the plaintiff has a 'plausible claim for relief,'" <u>Fowler</u>, 578 F.3d at 210-11, in federal court under this court's diversity jurisdiction. Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), since the complaint actually seems to demonstrate on its face that federal jurisdiction does not lie here.

In fact, this Court has previously held that Pennsylvania residents may not maintain state law claims against Pennsylvania defendants in federal court. In dismissing and refusing to reinstate a similar lawsuit, this court noted in terms that are equally applicable here that:

> Plaintiff's Complaint indicates that both he and Defendant . . . are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because "complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state."

<u>Boldrini v. Bruno</u>, No. CIV.A. 3:11-1401, 2013 WL 619610, at *2 (M.D. Pa. Feb. 19, 2013) (quoting <u>Brett v. Brett</u>, No. 12–3301, 2012 WL 5450879, at *1 (3d Cir. Nov.8, 2012)).

Nor should we exercise supplemental jurisdiction over these state law claims, having determined on a screening review that Fairweather's federal constitutional

claims fail as a matter of law. On this score, the law is well settled:

> When a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). Although the district court's decision to exercise supplemental jurisdiction is within its discretion, courts ordinarily decline to exercise supplemental jurisdiction when all federal claims have been dismissed and only state law claims remain. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).

Chapman v. United States, 480 F. Supp. 3d 601, 613–14 (M.D. Pa. 2020).

Finally, we recognize that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, Fairweather's amended complaint is flawed in ways which cannot be corrected through some more artful form of pleading. Therefore, it is recommended that this case be dismissed without leave to further amend this complaint.

## III.  <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint, (Doc. 9), be DISMISSED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of January 2026.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge